UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| TRACK GROUP, INC, a Delaware corporation, formerly known as SECUREALERT, INC.,<br><br>Petitioner,<br><br>vs.<br><br>I.C.S. OF THE BAHAMAS CO. LTD., a Bahamian limited company,<br><br>Respondent. | Case No.:<br><br>Judge:<br><br>**ORAL ARGUMENT REQUESTED** |

## MOTION TO CONFIRM ARBITRATION AWARD
## AND VACATE CORRECTED AWARD

Petitioner Track Group, Inc., ("Track Group" or "Petitioner"), through counsel, hereby moves the Court, pursuant to Sections 9, 10, and 12 of Title 9 of the United States Code (the Federal Arbitration Act or the "FAA"), for entry of an order confirming into judgment the August 2, 2018 arbitration Award in favor of Track Group and against Respondent I.C.S. of the Bahamas Co. Ltd. ("ICS" or "Respondent"), as well as vacating the "Corrected Award" issued October 15, 2018. Petitioner also invokes the provisions of the Puerto Rico Arbitration Act ("PRAA") as the basis of the instant motion. See 32 L.P.R.A. § 3221 and § 3222(d).

## INTRODUCTION

On August 2, 2018, an Arbitration Award was entered awarding Track Group $689,613.50 to be paid by ICS. That Award is valid and enforceable, and should be confirmed by this Court.

1

Additionally, this Court should vacate the Corrected Award subsequently issued by the Arbitrator on October 15, 2018.  An arbitrator's authority to modify an award after it is issued is extremely limited.  The American Arbitration Association's Commercial Arbitration Rule R-50 limits modification of an award to those instances of "clerical, typographical, or computational errors." The Corrected Award does not meet any of such instances.  Despite the narrow scope of Rule R-50, the Arbitrator in the present action reopened and reconsidered the merits of his Award, made different factual findings, and changed the damages award from $689,613.50 to zero.  The Arbitrator failed to identify any clerical, typographical, or computational error, and simply ignored the constraints on his authority by making new findings and redetermining the substance of his previous ruling.  In doing so, the arbitrator exceeded his authority, and the Corrected Award must be vacated, and the Arbitration Award reinstated.

## THE PARTIES

1. Track Group is a Delaware corporation in the business of designing and manufacturing electronic monitoring devices and offender tracking solutions.

2. ICS is a Bahamian limited company, with its principal place of business in Ivanhoe Road, off Mackey Street, Nassau City, New Providence, Bahamas.

## STATEMENT OF JURISDICTION

3. This Honorable Court has subject matter jurisdiction in this case pursuant to Title 28 U.S.C. § 1332 and the applicable principles of supplemental jurisdiction (28 U.S.C. § 1367); and pursuant to the FAA, 9 U.S.C. § 1 et seq. The matter in controversy involves commerce, exceeds the principal sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the plaintiff and the defendant.

## BACKGROUND AND PROCEDURAL FACTS

4. In April of 2011,[1] Track Group, ICS, and ISS executed an agreement titled the "Commercial and Monitoring Representative Agreement" ("<u>Monitoring Agreement</u>") that governed the obligations of each of those parties in providing monitoring services in the Bahamas. *See* Monitoring Agreement, attached hereto as **Exhibit i**.

5. The Monitoring Agreement requires arbitration under Puerto Rico law, and provides: "This Agreement, the relationship of the Parties, and all of their respective rights and obligations shall be construed and interpreted in accordance with the laws of the Commonwealth of Puerto Rico" (Monitoring Agreement § 13.8) and "Any controversy or claim arising out of or relating to this Agreement . . . shall be settled by arbitration according to the Commercial Arbitration Rules of the International Centre for Dispute Resolution . . . in the Commonwealth of Puerto Rico, unless the Parties hereto agree upon some other location for the arbitration." (*Id.*, § 13.9).

6. The Monitoring Agreement further states that "This agreement to arbitrate shall be enforceable, and the judgment upon any award rendered by the arbitrator may be entered, in any court having jurisdiction." (*Id.*, § 13.9).

7. On September 26, 2016, Track Group filed its Demand for Arbitration against ICS with the International Centre for Dispute Resolution ("<u>ICDR</u>") of the American Arbitration Association, Case No. 01-16-004-1667. *See* Arbitrator's Award, attached hereto as **Exhibit ii**. Track Group claimed $963,552.73 in damages due from ICS. *Id.* pg. 15, ¶ 102.

---

[1] The Monitoring Agreement recites that it was "entered into as of this 30th day of November, 2010" (page 1), but the signatures were not affixed and the agreement was not executed until April 2011 (page 18).

3

8. On October 27, 2016, ICS filed its Answering Statement.

9. In a letter dated December 5, 2016, the ICDR notified the parties that Stuart A. Weinstein-Bacal was appointed to serve as the sole arbitrator. *See* December 5, 2016 Letter from the ICDR, attached hereto as **Exhibit iii**.

10. The arbitration Hearings were originally scheduled to take place on September 14-15, 2017 in San Juan, Puerto Rico, but due to adverse weather, including Hurricane Maria, the Hearings were rescheduled to January 31 – February 1, 2018 in Atlanta, Georgia.

11. On August 2, 2018, Arbitrator Weinstein-Bacal issued his "Arbitrator's Award," in which he awarded Track Group with $689,613.50 to be paid by ICS. *See* Arbitrator's Award.

12. The Arbitrator's Award states on page 30 that "for the purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in San Juan, Puerto Rico, United States of America." *Id.*

13. On August 22, 2018, ICS filed with the Arbitrator a Request for Modification of Final Award, requesting "[p]ursuant to AAA Commercial Rule 50" for the Arbitrator to modify "the final award to correct computational errors" to change the amount due from ICS to Track Group from $689,613.50 to zero. *See* Respondent's Request for Modification of Final Award, attached hereto as **Exhibit iv**.

14. On August 30, 2018, Track Group filed with the Arbitrator a Response to ICS's Request to Modification of Final Award. *See* Claimant's Response to Respondent's Request for Modification of Final Award, attached hereto as **Exhibit v**.

15. On October 15, 2018, the Arbitrator filed a Disposition of Application for Interpretation or Correction of Award ("Corrected Award"), which changed the award from $689,613.50 to zero. *See* Corrected Award, attached hereto as **Exhibit vi**.

16. On October 19, 2018, Track Group filed with the Arbitrator an Objection to Modification of Final Award ("Objection to Modification"). *See* Objection, attached hereto as **Exhibit vii**.

## ARGUMENT

The original Arbitration Award is valid and enforceable, and should be confirmed by this Court. The subsequently issued Corrected Award is invalid because the Arbitrator exceeded his powers, and should therefore be vacated by this Court.

### I. THE AUGUST 2, 2018 ARBITRATION AWARD SHOULD BE CONFIRMED.

This Court should confirm the August 2, 2018 Arbitration Award. The Federal Arbitration Act ("FAA") creates a strong presumption favoring the confirmation of arbitration awards. The statute provides that, "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must grant* such order unless the award is vacated, modified, or corrected[2] as prescribed in sections 10 and 11 of this title." 9 U.S.C § 9 (emphasis added). The Arbitration Award is the

---

[2] The Arbitration Award has not been vacated, modified, or corrected as prescribed in sections 10 and 11 of Title 9 of the FAA. The Arbitrator's attempted "correction" is not the type of modification or correction prescribed under Title 9 of the FAA, as section 11 permits "the United States court in and for the district wherein the award was made may [to] make an order modifying or correcting the award upon the application of any party to the arbitration" for certain narrowly proscribed reasons. Here, the Corrected Award was not issued by a "United States court," and as described below, the Corrected Award must be vacated because it exceeds the arbitrator's authority.

type of award that triggers the FAA's confirmation procedures, and Track Group has submitted the documents required for the Arbitration Award to be confirmed in this Court.

This Court is the proper court to consider this requested relief. Section 9 of the FAA states that "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. Track Group's agreement with ICS, the Monitoring Agreement, states that: "This agreement to arbitrate shall be enforceable, and the judgment upon any award rendered by the arbitrator may be entered, in any court having jurisdiction." Background and Procedural Facts ("Facts") ¶ 4. The Arbitrator's Award states on page 30 that "for the purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in San Juan, Puerto Rico, United States of America." Facts ¶ 10. Because the Arbitration Award was made in Puerto Rico, this Court has jurisdiction to confirm the Award. The August 2, 2018 Arbitration Award should therefore be confirmed, awarding $689,613.50 to Track Group to be paid by ICS.

## II.     THE OCTOBER 15, 2018 CORRECTED AWARD SHOULD BE VACATED.

The FAA provides that "the United States court in and for the district wherein the award was made may make an order vacating the award upon application of any party to the arbitration . . . (4) where the arbitrators exceeded their powers . . . ." 9 U.S.C. § 10. The October 15, 2018 "Corrected Award" issued by the Arbitrator should be vacated because the Arbitrator exceeded his powers by redetermining the merits of the award and changing his factual findings and conclusions rather than simply correcting a math error.

SLC_3978910

After the Arbitration Award was entered, pursuant to Rule R-50 of the AAA's Commercial Arbitration Rules, ICS requested that the Arbitrator modify "the final award to correct computational errors . . . ." Facts ¶ 11. ICS failed to identify any computational error, but instead argued that the arbitrator should use *different figures* and a *different calculation* to change the amount due from ICS to Track Group from $689,613.50 to *zero*.

Rule R-50 permits only very limited corrections of an award after its transmittal "to correct any clerical, typographical, or computational errors in the award." Rule R-50 plainly states that: "The arbitrator is <u>not</u> empowered to redetermine the merits of any claim already decided." (emphasis added).

The above rules codify the principle known as the doctrine of *functus officio*, which "holds that once an arbitrator renders a decision regarding the issues submitted, he lacks any power to reexamine that decision." Practical Law Glossary, Defining "*Functus Officio*," copy attached hereto as **Exhibit viii**; *see also* Thomas H. Oehmke, 4 Commercial Arbitration, § 132:9 (AAA Treatment of Award Revision) ("The AAA Rule as to modification of an award codifies the common law doctrine of *functus officio* (the common law rule that after arbitrators have executed their awards and declared their decision, they have no power to proceed further)."), copy attached hereto as **Exhibit ix**.

With few exceptions, the *functus officio* doctrine has been applied repeatedly in Puerto Rico as well as in other jurisdictions. According to the same, an Arbitrator is prevented from modifying, amending or supplementing an award after it has been issued. The Puerto Rico Supreme Court has explained the doctrine of *functus officio* in the following terms:

> As a general rule, when an arbitrator issues his award and decision on the matter submitted to arbitration, he is prevented from going over his

7

> opinion again. Its jurisdiction has expired for having complied with its mandate and ceases its power to order the holding of new hearings, amend, interpret in any way the award issued, or pass judgment again on the matter, unless expressly requested by the parties or the law grants him such power. This is the doctrine of functus officio.

*J.R.T. v. A.E.E.*, 112 D.P.R 169, 171 (1982), 1982 WL 210664, *2 (our translation); *see* also, *J.R.T. v. New York & Puerto Rico Steamship Co.*, 69 D.P.R. 782, 808 n.11, 1949 WL 7182 (1949) (hereinafter "*Steamship*") ("… [W]hen an arbitrator has issued his award, it is *functus officio* and it has no power or authority to alter it, in absence of a statute or agreement to the contrary."); *Colonial Penn Ins. Co. v. Omaha Indem. Co*., 943 F.2d 327, 331 (3d Cir. 1991) (reaffirming that the *functus officio* doctrine prohibits the arbitrator from issuing an Order to "clarify" the award by which he modifies the remedy granted in the Award); *WMA Sec. Inc. v. Wynn*, 32 Fed. App'x 726, 729 (6th Cir. 2002) (in which an Order issued by an arbitration panel after the award was issued is annulled on the basis of *functus officio* under the pretext of clarifying the award; " ... *functus officio prevents arbitrators from revision to final award*"); *Pan Am. Grain Mfg., Inc. v. Congreso De Uniones Industriales De P.R*., 544 F. Supp. 2d 95, 102 (D.P.R. 2008) (an Arbitrator that presides proceedings of a labor nature can issue an order to clarify ("clarify") but not alter ("alter") the award that it issued originally).

Here, the Corrected Award does not merely correct a "clerical, typographical, or computational error," but instead redetermines the *merits* of the Final Award in order to change the award from $689,613.50 to zero by making new factual findings that contradict the findings found in the Final Award. Indeed, the Corrected Award does not identify any computational or mathematical error. Rather, it simply makes new findings to replace the prior findings.

8

The Corrected Award makes no explanation as to the basis of changing the award from nearly three-quarters of a million to zero, but instead merely states that "The Request for Correction of Award is hereby **GRANTED** and said Award is modified as follows." *See* Corrected Award. That statement is followed by a page of calculations that utilize entirely new numbers that were not included in the calculation page of the original Final Award. A comparison of these new figures with those included on the calculation page of the Final Award is attached hereto as **Exhibit x**.

This comparison makes clear that, rather than simply correcting a math error or typo, the arbitrator has reopened the evidence and redetermined the merits of his decision, coming up with an entirely new calculation of damages. This exceeds the arbitrator's power and violates the doctrine of *functus officio*.

For example, the Corrected Award deletes the original finding that the Ministry paid $11,779,384.00 and replaces it with a new finding that the Ministry paid $12,043,384.50. *See* Exhibit x. Likewise, it deletes the original finding that SecureAlert/Track Group/ISS was paid $6,675,629.31 and replaces it with a new finding that they were paid $7,011,629.71. *Id.* The arbitrator makes a new finding that the "amount due each @ 50/50" will now be $6,021,692.25 instead of $5,889,692.00 as established in the Final Award. *Id.* Additionally, in the Final Award, the arbitrator found that ICS withheld an excess of $515,238.50, but in the Corrected Award the arbitrator abandons that finding, and replaces it with a finding that ICS overpaid in the amount of $989,937.46. *Id.* Also, in the Final Award, the arbitrator found that there was a total due from ICS to Track Group in the amount of $689,613.50, but in the Corrected Award finds that ICS overpaid Track Group in the amount of $815,562.46. *Id.* Each of these is a brand

new finding; none of these new findings constitute the correction of a computational or mathematical error.  Moreover, none of these new findings are explained or justified.[3]

Thus, the Corrected Award blatantly makes new findings to replace the prior findings.  As such, the Corrected Award is contrary to law and must be vacated.  The Eleventh Circuit Court of Appeals' decision in *IBEW, Local Union 824 v. Verizon Florida* is instructive.  2015 WL 5827517 (11th Cir. Oct. 7, 2015).  In *IBEW*, the court affirmed a trial court's decision that determined that an arbitrator exceeded his power by issuing a substituted award in violation of *functus officio*.  *Id.*  A party to the arbitration had filed a request under Rule 40 of the AAA Labor Arbitration Rules, which is nearly identical to Rule R- 50 of the Commercial rules,[4] and which only allowed the arbitrator to correct a "clerical, typographical, technical, or computational error."  The appellate court concluded that this rule precluded the arbitrator from reconsidering his original award and issuing a substituted award.  *Id.*  The trial court's decision to vacate the substituted award and confirm the original award was affirmed.  *Id.*

The law is clear that "arbitrators assuredly are bound by the contracts and other rules that give them power to act."  *Lindland v. U.S. Wrestling Ass'n, Inc*., 227 F.3d 1000, 1004 (7th Cir. 2000).  "An arbitrator who throws aside those rules and implements his 'own brand of [] justice' oversteps his powers, and the resulting award must be set aside."  *Id.* (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)).

---

[3] Although the arbitrator cites to Article 33 of the IDRP, he fails to comply with its requirement that "[a]ny interpretation, correction, or additional award made by the tribunal *shall contain reasoning* . . . ."  Corrected Award (emphasis added).

[4] The language of the rule is also nearly identical to Article 33 of the IDRP, and the result in applying the IDRP should be the same.

For the same reasons stated above, the Corrected Award must also be reversed and vacated under the PRAA, which provides for the revocation of an arbitration award when the arbitrator has exceeded his function and authority. 32 L.P.R.A. § 3222 (d).

In light of the foregoing, the Corrected Award must be vacated, and the Final Award remains in force and should be confirmed. Track Group respectfully requests that this Court vacate the Corrected Award.

## **CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Track Group respectfully requests this Honorable Court to issue an order confirming the August 2, 2018 Arbitration Award and vacating the October 15, 2018 Corrected Award.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 8th day of January, 2019.

**MCCONNELL VALDÉS LLC**
Attorneys for Track Group, Inc.
270 Muñoz Rivera
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-5632/5811
Facsimile: (787) 759-8282


*/s/ Arturo J. García-Solá*
Arturo J. García-Solá
USDC-PR Bar No. 201903
ajg@mcvpr.com


*/s/ Reinaldo L. Figueroa-Matos*
Reinaldo L. Figueroa-Matos
USDC-PR Bar No. 229903
rlf@mcvpr.com

**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500


David W. Tufts
(*not yet admitted pro hac vice* )
dtufts@djplaw.com


Christopher D. Wade
(*not yet admitted pro hac vice*
cwade@djplaw.com

SLC_3978910